IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERLINDO RODRIGUEZ,

    Plaintiff,                      No. CIV S-07-2345 MCE DAD P

    vs.

CDCR, et al.,

    Defendants.           ORDER

/

        Plaintiff has requested an extension of time to file his amended complaint pursuant to the court's order of March 7, 2008. Good cause appearing, plaintiff's request will be granted.

        Plaintiff has also requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

light of the complexity of the legal issues involved.  See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 28, 2008 request for an extension of time is granted;

2. Plaintiff is granted thirty days from the date of this order in which to file his amended complaint; and

3. Plaintiff's March 28, 2008 request for appointment of counsel is denied.

DATED: April 8, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9:bb
rodr2345.36amd

2