IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERLINDO RODRIGUEZ,

        Plaintiff,                     No. CIV S 07-2345 MCE DAD P

    vs.

CDCR, et al.,

        Defendants.          ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed March 7, 2008, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5  Cir. 1989); Franklin, 745 F.2d at 1227.

6              Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
7  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
8  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
9  Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson,
10 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a
11 complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
12 must contain factual allegations sufficient "to raise a right to relief above the speculative level."
13 Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must
14 accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital
15 Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the
16 plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421
17 (1969).

18              In his original complaint, plaintiff alleged:
19              I was trying to get back on medication July, 2006 but Mental
                Health keep refusing to give me medication and I got in to troble
20              [sic] trying to get back on medication.  And Dental refuse to clean
                my tooths [sic], has been 8 months.
21
22 (Compl. at 5.)  Plaintiff requested $100,000 in damages.  (Id.)
23              The allegations in plaintiff's complaint were so vague and conclusory that the
24 court was unable to determine whether the current action was frivolous or failed to state a claim
25 for relief.  The court advised plaintiff that inadequate medical care treatment would not constitute
26 cruel and unusual punishment cognizable under 42 U.S.C. § 1983 unless the mistreatment rose to

the level of "deliberate indifference to serious medical needs." The court further advised plaintiff that the "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).

In his amended complaint, plaintiff identifies as defendants Dr. Mayson, Correctional Officer T. Lukas, Dr. Colletti, and Dr. Simpson. Plaintiff alleges:

> Doctors Mayson and Colletti on these dates 1-26-2007, 2-28-07, 5-1-07, 6-8-07, 6-21-07 refuse to give me medication for my mental helth [sic] I been having off and on since I was a juvenile, which cause me to become mentally unbalanced. Correctional Officer Ms. T. Lukas on this date, 12-12-06, Officer J. [illegible] was going to give me legal confidential correspondence (final copys [sic] RVR 115s) to appeal a rule violation. But Ms. T. Lukas took those documents. And I never received those documents from Ms. Lukas upon request. My counselor give me those final copys [sic] but Appeals Coordinator denied Appeal cause of 30 days due prosses [sic]. Dentest also in High Desert do not do there [sic] job.

(Compl. at 5.) In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff writes "Disciplinary actions up to and including termination of employment." (Id.)

The allegations in plaintiff's amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The amended complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

/////

Again, plaintiff is advised that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under 42 U.S.C. § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

The "deliberate indifference" standard also applies in cases involving the adequacy of mental health care in prisons. Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994); Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). To establish unconstitutional treatment of a mental health condition, "a prisoner must show deliberate indifference to a 'serious' medical need." Doty, 37 F.3d at 546 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991)). A medical need is "serious if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Doty, 37 F.3d at 546 (quoting McGuckin, 974 F.2d at 1059).

If plaintiff elects to file a second amended complaint, he must allege facts demonstrating how defendants' actions rose to the level of "deliberate indifference." For example, plaintiff must allege in specific terms how defendants Mayson and Colletti's refusal to provide him with medication constitutes inadequate medical treatment, rising to the level of deliberate indifference. Plaintiff must similarly allege which dentist at High Desert State Prison failed to properly treat him, when this occurred and why. Plaintiff's amended complaint fails to allege any specific causal link between the actions of the named defendants and the claimed constitutional violations. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff files a second amended complaint, he should also clarify what relief he seeks. For example, if plaintiff believes he is entitled to compensatory or punitive damages, he should state the amount he seeks from the defendants. Plaintiff is advised that, because he is no longer incarcerated at High Desert State Prison, any claim for injunctive or declaratory relief concerning that prison may be moot because he is no longer subjected to the conditions there. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Finally, relief in the form of disciplinary action against the defendants is not available to plaintiff in this civil rights action.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer serves any function in the case. Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's May 5, 2008 amended complaint is dismissed;

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

3. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: May 13, 2008.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
rodr2345.14am